UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EVGENIA ROTARI and XIN ZHI LOU,                           Civil Action No. 19-cv-05182-BMC
Individually and on behalf of all others similarly
situated,

                                    Plaintiffs,

                    vs.

MAMAMITO INC. d/b/a MITOUSHI ASIAN
FUSION, ALANTIC MITOUSHI SUSHI INC.
d/b/a MITOUSHI, KINDACHI INC. d/b/a
MITOUSHI JAPANESE FUSION, FUCIAANA,
INC. d/b/a MITOUSHI ASIAN FUSION, HAI
LOON "ALLEN" MAK, JASMINE LAW,
KIMBERLY LAW, LAY CHOO KOAY, and
SIEW KHIM KOAY,

                                    Defendants.

---

DEFENDANTS MAMAMITO INC., HAI LOON MAK, AND JASMINE LAW'S

MEMORANDUM Of LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR

CONDITIONAL CERTIFICATION AND OTHER RELIEF

LAW OFFICES OF STEPHEN K. SEUNG
Attorneys for Defendants Mamamito Inc,
Hai Loon Mak, and Jasmine Law
2 Mott Street, NY, NY 10013
212 732 0030

## INTRODUCTION

Defendants Mamamito, Inc., Hai Loon Mak,, a/k/a Alan Mak, and Jasmine Law submit this memorandum of law in opposition to plaintiffs' motion for a conditional certification made under FLSA Sect. 216(b).   By this motion the plaintiffs request, *inter alia,* conditional certification of their claims under Sect. 216(b), and Court facilitated notice of this action to others allegedly "similarly situated" at four different restaurants in Brooklyn.

Plaintiffs' motion is made of whole cloth and should be denied.  Plaintiffs' moving declarations are flawed.  The declaration of plaintiff Rotari is worthless since her FLSA claims are time barred.  The declaration of plaintiff  Luo is non-probative.   Luo, an immigrant from China, is illiterate in English. He neither speaks, writes, reads or understands English.  He would not be able to understand the ten page, seventy-five paragraph English declaration  that he signed and which plaintiffs filed in this action.   (Alan Mak declaration at para. 22).

Furthermore,  Mamamito is a stand alone restaurant having no business connection with the other three restaurants that plaintiffs have chosen to sue.   Plaintiff Rotari's FLSA claims are entirely time barred.  Thus, her declaration, which purports to describe time-barred events, is utterly worthless as support for the instant motion.  Plaintiff Luo avers that he only worked in Mamamito, and he has no personal knowledge of the operations of the other restaurants in this lawsuit, Atlantic  Mitoushi Sushi Inc., Kindachi Inc., and Fuciaana Inc. Furthermore, Luo's declaration is at best suspect as support for plaijntffs' motion.  Luo is uneducated and illiterate in English.  He cannot speak, read, or understand English.  Luo cannot read or understand anything that is contained in his English language declaration that has been submitted by plaintiffs to buttress their motion.   For this reason, and since Luo's declaration describes limited knowledge

1

that is confined only to Mamamito, his declaration also is worthless as support for the outsized requests made now by the plaintiffs.

Plaintiffs Rotari and Luo concoct a fanciful, but utterly sham scenario of employee depravation and abuse foisted upon them by defendants, who, plaintiffs claim, without factual basis, jointly own, operate and manage four Brooklyn restaurants.   To the contrary, Mamamito is a stand alone restaurant.  Its sole owner, Alan Mak, and his wife Jasmine Law have no ownership in the other corporate defendants, and are not involved in their management and operation.  Most significantly, given the nature of the plaintiffs' instant motion,  Mamamito, Mak and Jasmine Law have no knowledge regarding the employees of the other corporate defendants.

Moreover, the prolix moving declarations are based upon hearsay statements from anonymous sources and hearsay piled upon hearsay.  Putting that aside however, plaintiff Rotari, from a reading of her own amended complaint, has pleaded herself out of any remedy under FLSA.  By her own allegations her FLSA claims are all time-barred.  Therefore, she cannot be a FLSA plaintiff, and much less a FLSA class representative.   Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66 (2013).  Furthermore, any allegations of FLSA violations that she describes, would clearly be time barred. Thus, the Court should give no weight to the Rotari declaration.  That leaves us with Luo's declaration, which should be stricken since Luo is not literate in English and cannot read or understand his English declaration. In any event,  Luo's work history was solely as a waiter in Mamamito and no other restaurant.  Thus he is unqualified to speak as to practices in the other three restaurants plaintiffs have chosen to sue.    In sum, plaintiffs' motion is without anu merit and should be denied in all respects.

## STATEMENT OF FACTS

Mamamito was incorporated in 2013.  It is solely owned and operated by Alan Mak.
Jasmine Law has no ownership interest in Mamamito.  Mamamito has only one location, 1712
Sheepshead Bay Road, Brooklyn, NY.  Alan Mak and Jasmine Law have no ownership interest
in any other corporate defendant.   Neither defendant is employed nor does any work for any
other corporate defendant.   Neither Mak, nor Jasmine Law has any information regarding the
operations, management or employees working for any of the other corporate defendants.
Neither Mak , nor Jasmine Law even know the identities of the employees of Atlantic Mitoushi,
Kindachi Inc., or Fucianna, Inc.  (Alan Mak declaration ar paras.1,3,4,5, 6, Exhibits A, B. C to
A. Mak declaration; J.Law declaration at paras. 2, 3,4, 5,6,7,8).

Mamamito did not confiscate tips, require side jobs of any consequence. Mamamito's
employees were provided with thirty minute meal breaks and free meals.  Mamamito employees
were not required to arrive before their scheduled start times, were not required to wear any
special uniform other than a black tee shirt.  No Mamamito employee was required to work over
a twelve hour shift. (A. Mak declaration at paras.11-18).

The moving declarations state that both plaintiffs worked for Mamamito.  Luo purportedly
claims that he worked for Mamamito exclusively from 2010 to 2018.  Since Mamamito did not
begin its corporate existence until 2013, Luo's ability to recall pertinent facts is clearly wanting.
In any event, assuming that Luo has any pertinent personal knowledge, that would be limited to
facts pertaining solely to Mamamito. Rotari claims she worked as a server for Mamamito until
May 2016.  She also claims that from January 2014 to June 3015 she worked one day a week as

3

a cashier at what she refers to as the "King's Highway Location." Because Rotari's claims are fatally flawed since her suit is out of time, the Court should not afford any weight to Rotari's declaration.

The moving declarations are replete with statements made "upon information and belief" without offering any basis to support any information and belief, hearsay statements from anonymous sources, and hearsay statements based on hearsay. Moreover, Rotari ceased working at Mamamito in May 2016. Since the suit was not commenced until September 2019, Rotari's observations of alleged violations would all be time barred. As for Luo, who cannot read or understand English, he alleges that he worked only at Mamamito as a server, yet he claims to have detailed knowledge of the management and business practices of all four of the restaurants sued in this action. Neither of the moving declarations can be taken seriously.

For example, both Rotari and Luo both state in their declarations that "I know that Jasmine and Allen owned percentages of all four Mitoushi locations because a manager at the restaurant told me." (Rotari decl. at para.18, Luo decl. at para. 10). Conveniently the alleged "manager", the source of this information is unnamed, and the basis for the unnamed declarant's knowledge is never explained. It is obvious that no such conversations ever took place.

Other statements are flippantly made without any indication of the alleged source of knowledge by the declarants:

"The Company has four locations in Brooklyn" (Rotari decl. at para. 4; Luo decl. at para. 6).

"All four locations have the same owners and management" (Rotari decl. at para. 8).

The plaintiffs are not above relying upon hearsay based on hearsay. For example, Luo submits to this Court a statement (and one that he does not understand) that "Amy told me that

4

her brother worked at the Coney Island location. Amy told me that her brother stated that the policies and practices were the same at the Sheepshead Bay and the Coney Island locations." (Luo decl. para. 20).

Furthermore, Rotari's FLSA claims, based on her own complaint are time barred. Rotari alleges that her work as a server ended at what she refers to as the "Sheepshead Bay Location" i.e. Mamamito, in May, 2016. (Doc. 25 at para. 6).   Rotari's action was not commenced until September 2019 (Doc. 1).  Rotari did not commence an action against  Mamamito until December 13, 2019 (Doc. 25). Accordingly,  Rotari's FLSA claims are time barred under the three year statute of limitations of 29 USC 255(a).

Most telling is plaintiffs' failure to provide the declaration from any non-plaintiff corroborating any of the statements made by the plaintiffs.

Plaintiffs' submit on this motion forty nine pages of handwritten records (plaintiffs' ex. 3) which counsel alone purports to authenticate as "schedules used by Defendants."  Neither plaintiff even refers to these handwritten pages.  No explanation is provided by counsel or plaintiffs as to the person who prepared these documents and what they purport to mean.  Most significantly, however, given plaintiffs' oversized request to this Court for a conditional certification with respect to four restaurants and their alleged owners, not a single document connects any corporate defendant with any other corporate defendant, or any individual defendant with any other individual or corporate defendant.

Plaintiffs' exhibit 4 consists of fifty eight pages of Luo's pay stubs.  All that these pages confirm is that Luo was paid by Mamamito alone. One page contains a copy of a check drawn on Mamamito's account, February 2016, payable to Rotari   Again, nothing in plaintiffs' exhibit 4

5

connects any corporate defendant with any other corporate defendant.   They merely confirm that Luo and Rotari had once been paid by Mamamito.

Plaintiffs, in support of their motion have submitted nothing more than self-serving and worthless declarations fraught with conclusory statements and interlarded with hearsay.  The plaintiffs further assert that they have acquired knowledge by hearsay statements piled on to hearsay statements that such alleged illegal practices are being employed at a variety of other locations.   Defendants Mamamito, Mak and Jasmine Law deny all of these claims.   Plaintiffs have failed to meet their burden to warrant the relief requested herein.

## ARGUMENT

### POINT I

### PLAINTIFF ROTARI HAS NO
### STANDING TO MAKE THIS MOTION

Plaintiff Rotari has no standing to assert a claim under FLSA, and less to act as class representative.  In the first amended complaint (Doc. 25) Rotari  alleges that she ceased working for Mamamito in May 2016. (Doc. 25, at para.6).   Her action was not commenced until September 2019, more than three years later.  The statute of limitations for a FLSA claim can be no more than three years. 29 USC 255(a).  Rotari's FLSA claims are clearly untimely and all of her claims whether under Federal or State law are thus dismissible.   Gao v. Golden Garden Chinese Rest. Inc., 2014 WL 8843301 (EDNY Dec. 16, 2014).

Under these circumstances Rotari is not qualified to act as a class representative.  FRCP 23(a)  permits a party act as a class representative so long as "(3) the claims…of the

representative parties are typical of the claims...of the class; and (4) the representative parties will fairly and adequately protect the interest of the class."   Since Rotari, by her own pleading has no cognizable FLSA claim she cannot act as a class representative.  Plaintiffs who have no interest in the outcome are not adequate class representatives. Maywalt v. Parker & Parsley Petroleum Co., 67 F3d 1072, 1077-78 (2d Cir. 1995).

For the same reason Rotari cannot even show that she has standing to sue.  To establish standing to sue Rotari  would have to show that her claim "is likely  to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  This Rotari cannot do since her claims are timed barred.

In Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66 (2013) the plaintiff commenced a collective action under FLSA on behalf of herself and others similarly situated.  After an offer of settlement had been made to the plaintiff, the District Court dismissed the suit as moot and found a lack of subject matter jurisdiction.  The Third Circuit reversed, holding that while the lead plaintiff's suit was moot the collective action was not.  On appeal, the Supreme Court disagreed, stating: "Because respondent had no personal interest in representing putative, unnamed claimants, nor any continuing interest that would preserve the suit from mootness, her suit was appropriately dismissed for lack of subject matter jurisdiction.  Id.  at 66.

The final reason that Rotari is incapable of acting as a class representative is that any alleged violations she claims to have observed would automatically be time barred since she ceased her employment in Mamamito in May, 2016.  Since notice may only be sent to employees who are "similarly situated"  Rotari's notice could only  be sent to servers who did not work for Mamamito after May 2016.   Such claimants would be time-barred, and notice under these circumstances would be an act of futility.

7

### POINT II

### LUO IS NOT QUALIFIED TO
### SERVE AS A CLASS REPRESENTATIVE FOR
### WAITERS EMPLOYED AT FOUR LOCATIONS

By his purported declaration, and confirmed by his pay stubs, Luo asserts only that he was employed at Mamamito.    Luo is therefore in no way similarly situated with employees working for three other restaurants which have no common ownership or management with Mamamito.    Moreover, since Luo is unable to read and understand his prolix declaration, that declaration should be stricken and disregarded by the Court. See, Huang v. J & A Entm't Inc., No. O9-cv-5587, 2010 WL 2670703 (EDNY June 29, 2010).   Since both of plaintiffs' declarations are valueless, plaintiffs' motion should be denied in its entirety.

"The threshold issue in deciding whether to authorize class notice in a FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" Prizmic v. Armour Inc., 2006 WL 1662614 (EDNY June 12, 2006).    By his own purported statements Luo has no connection with the employees of the three other restaurants that he sued, none of which has any connection to Mamamito.

Under the FLSA, plaintiffs are afforded the opportunity to seek certification to proceed as collection action. See, Iglesias-Mendoza v. LaBelle Farms, Inc., 239 F.R.D 363, 367 (S.D.N.Y. 2007). For such relief to be warranted, however, Plaintiff must demonstrate that proposed members of the collective action are "similarly situated". 29 U.S.C § 216(b). While not defined by statute, courts of this circuit have consistently applied the "factual nexus" test in determining whether the "similarly situated" standard has been met. The "factual nexus" test, in turn, requires that plaintiff demonstrate the existence of said nexus between his/her situation and

8

that of the proposed members of the collective action. See,  Mentor v. Imperial Parking systems, Inc. *Inc*. 246 F.R.D 178, 181 (S.D.N.Y. 2007). While the standard for making the requisite showing of factual nexus is fairly lenient, this relaxation is not boundless. Instead, "mere allegations in the complaint are not sufficient… some factual showing by affidavit or otherwise must be made." See, Camper v. Home Quality Management, Inc., 200 F.R.D 516, 519 (D. Md. 2000). The standard employed, while relaxed on the one hand, also simultaneously seeks to prevent unjustified "fishing expeditions" and  interference into defendants' business affairs.

Without a clear statutory definition, courts are guided by relevant case law in their application of the factual nexus test. In Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp.2d 504 (S.D.N.Y. 2010), the Court expounded on the requisite showing that need be made before conditional certification will issue.  Lin involved a group of restaurant waiters that brought suit alleging various violations of the FLSA. *Id*. at 507. In support of their motion for collective certification, Plaintiffs claimed that they had witnessed fellow employees subjected to same illegal practices they alleged in their complaint, *Id*. at 507. No other evidence aside from these self-serving affidavits was offered in support. The Court denied plaintiffs' motion for a collective certification and stated:

> Plaintiffs have again failed to present their allegations with sufficient specificity to satisfy even the modest requirements of the collective action standard… The Plaintiffs also provide no details regarding the "other employees" they have observed beyond the conclusory statements contained in their own declarations-the names, wage rates, and tools of the trade expenditures of these employees are unknown, and the plaintiffs have failed submit declarations from any non-plaintiffs stating stating the amount of their expenses or the impact of those expenses on their wages.

*Id*. at 512.

Implicit in the Lin decision is that a plaintiff must provide more than his own unsubstantiated musings as to the nature of the proposed collective class before certification will be granted.

## POINT III

### IF THE COURT GRANTS PLAINTIFFS RELIEF
### IT SHOULD BE LIMITED TO MAMAMITO
### DOING BUSINESS AT SHEEPSHEAD BAY ROAD

Both Rotari and Luo allege that they worked at Mamamito on Sheepshead Bay Road. Rortari clams she also worked at a location on Kings Highway.  Since Rotari's FLSA claims are time barred she has no basis to even request the relief sought hererin. Luo alleges that he only worked at Sheepshead Bay Road.    Thus, if the Court is inclined to grant the plaintiffs any relief, such should only apply to Mamamito.

In McGlone v. Contract Callers, Inc., 867 F. Supp. 2d. 438 (S.D.N.Y 2012), the Court was faced with a motion for collective certification pertaining to workers at numerous call center operated by the defendant corporation. Plaintiff, alleging impermissible meal break deductions, asserted that all of her co-workers at any of defendants' call centers were similarly situated. Id. at 443. The court, however, disagreed and limited the action to  the call center where plaintiff actually worked. Id. at 444.

The matter at bar presents a stronger case for geographical limitation than McGlone. McGlone involved a sole corporate employer having several locations.  In the suit at bar Mamamito does business at only one location, and has no business connection of any kind with the three other restaurants that Luo has selected as defendants.

10

The approach espoused in the McGlone decision has been followed in this Court as well. In Lujan v. Cabana Management, Inc.., No. 10-CV-755, 2011 WL 317984 (E.D.N.Y. Feb 1, 2011), a group of waiters sought notice facilitation extending to restaurants beyond those at which they were employed. The Lujan plaintiffs, in support of this request, failed to introduce evidence from a person with first hand knowledge of any location's practices aside from those where plaintiffs worked. *Id.* A similar result was reached in Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346 (E.D.N.Y. 2008). There, this Court denied collective certification at locations aside from those at which plaintiffs worked when plaintiffs supplied only three hearsay statements and generalized allegations of wrongdoing at other commonly owned pizzerias. Id. at 354.

## POINT IV

### PLAINTIFFS' REQUEST FOR EQUITABLE
### TOLLING SHOULD BE DENIED

Plaintiffs' request for equitable tolling should be denied. That Rotari, who is already time barred from litigating a FLSA action, even makes this request is the height of audacity.

In the interest of brevity, defendants refer the Court to its recent decision in Alberto v. Rico Pollo #2 Restaurant Corp., 2018 WL 6813057 (EDNY Dec. 26, 2018) and its thorough analysis that equitable tolling was not appropriate in this "regular, run-of-the mill FLSA collective action." Very simply "(i)n a FLSA action, the statute of limitations runs for each plaintiff until he files written consent with the court to join the lawsuit." Yahraes v. Rest. Assoc. Events Corp. No. 10-CV-915, 2011 WL 844963 (EDNY Mar. 8, 2011).

## POINT V

### PLAINTIFFS' PROPOSED NOTICE,
### REQUEST FOR INFORMATION AND
### PROPOSED METHODS OF DISSEMINATION
### ARE IMPROPER

Plaintiffs' proposed notice of collective action is improper in form.  Plaintiffs have

offered no actual evidence that Mamamito is in any connected with Atlantic Mitoushi, Kindachi

and Fuciaana.  Yet plaintiffs' proposed form is worded in a misleading way to lump Mamamito

with the other three restaurants. The Court should reject this form of notice.

Plaintiffs request, in addition to mailing addresses. the e-mail addresses, text

addresses and telephone numbers  of present and former employees.  Mamaimito does not have

any of this information for former employees and is unable to provide this information. (Alan

Mak decl. at para. 21).  As to present employees if they refuse to disclose this information, that

would be a proper exercise of their right to privacy. Plaintiffs' request for this information should

be denied.

Plaintiffs' request for the social security numbers of past and present employees is a

patently improper invasion of privacy and should be disallowed.   Chowdhury v. Duane Reade.

Inc., 2007 WL 2873929 (SDNY Oct. 2, 2007). ("plaintiff has not shown a need to disclose such

confidential information").

Plaintiffs' request for a reminder card is improper and should be denied.

Guzelgurgenli v. Prime Time Specials Inc. 883 F. Supp. 2d 340 (EDNY 2012) ("The Plainitffs

have not identified any reason why a reminder notice is necessary in this particular case.

Accordingly, the Court denies this request…").

Finally, plaintiffs' request to post notice of the pending suit in Mamamito's premises should be denied.  Knox v. John Varvatos Enterprises Inc., 282 F. Supp. 3d 644 (SDNY 2017) (recognizing the "potential disruption that can occur in the employer-employee relationship when an employer is required to post a notice in the workplace that one or more employees have accused it of violating the law" the Court refused to allow the plaintiff to post a notice.)    Posted notice is unnecessary to notify former employees, as well as present employees since the latter can be notified by other means and former employees would not see such posting.

## CONCLUSION

Plaintiffs seek conditional certification for employees working at four different restaurants. They have failed to present any evidence of common ownership of the four restaurants that they have chosen to sue.   Mamamito, and its owner, Alan Mak, and his wife, Jasmine Law, have no business connection with the other three corporate defendants.  They have no knowledge of the operation and employees of Atlantic Mitoushi Sushi Inc., Kindachi, Inc. or Fucianna Inc.  Furthermore, the moving declarations do not support the request for relief. Rotari's FLSA claims are completely time barred.  Luo's declaration, a document that Luo cannot read and understand, is sham and not probative.   However that statements in that declaration are limited to Mamamito since that was where he worked.  None of the document exhibits offered by the plaintiffs connect Mamamito to any other corporate or individual defendant.  Plaintiffs' motion for conditional certification and Court facilitated notice to past and present employees should be denied in all respects.

Dated:  New York, New York
        February 28, 2020

                                        Respectfully submitted,

                                        LAW OFFICE OF STEPHEN K. SEUNG

                                        By:

                                          STEPHEN H. MARCUS
                                        Attorneys for Defendants Mamamito,
                                        Hai Loon Mak and Jasmine Law
                                        2 Mott Street, Suite 601
                                        New York, New York 10013
                                        Tel: (212) 732 – 0030
                                        Fax: (212) 227 – 5097
                                        Email: skseungesq@yahoo.com
                                                smarcusesq@gmail.com

L19H025-Civil Action No. 02.25.2020

                                        14